UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA EKIZIAN,<br><br>Defendant. | No. 2:21-cr-00157-DJC-1<br><br><br>ORDER |

Pending before the Court is Defendant Patricia Ekizian's Motion to Modify Sentence under 18 U.S.C. § 3582(c)(2). (Mot. (ECF No. 69).) Defendant requests that the Court modify her sentence on the argument that under amendments to the Federal Sentencing Guidelines that occurred after her sentencing, Defendant would have received a lesser sentence. For the reasons stated below, Defendant's Motion to Reduce Sentence is DENIED.

I.  **Background**

On October 12, 2023, Defendant pled guilty to Count 4 of the Indictment, a violation of 21 U.S.C. § 841(a)(1) for distribution of methamphetamine. (*See* ECF Nos. 60, 62.) Probation calculated Defendant as having an offense level of 27 and a criminal history score of 5 placing Defendant in criminal history category III. (PSR (ECF

1

No. 64) ¶¶ 31, 43-45.)  This resulted in an advisory Guideline imprisonment range of 87 to 108 months.  (*Id.* ¶ 88.)  Neither party filed objections to this calculation.  On January 18, 2024, Defendant appeared for sentencing.  The Court adopted the findings of presentence investigation report without change and found that the mandatory minimum term of imprisonment for the offense to which Defendant pled did not apply.   On the basis of Defendant's age and the overstated nature of her criminal history, the Court found that variance was appropriate and sentenced Defendant Ekizian to 48 months of imprisonment with a term of supervised release of 4 years.  (*See* ECF Nos. 67, 68.)

Defendant has now filed a motion under Section 3582(c)(2) to reduce her sentence based on Amendment 821 to the Federal Sentencing Guidelines.  Defendant argues that under the amended Amendment 821, she would qualify for a two level reduction in offense level as a "zero-point offender" as defined by the Sentencing Guidelines.  (Mot. at 2.)  Defendant contends that amendment applies retroactively and that she is entitled to the two level reduction.  (*Id.*)  The Government has filed an Opposition.  (Opp'n (ECF No. 72).)  Defendant has not filed a reply to the Government's Opposition.[1]

## II.   Discussion

Under 18 U.S.C. 3582(c)(2), where a defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court may reconsider the term of imprisonment imposed on the defendant if the Court determines such a reduction is warranted after "considering the factors set forth in section 3553(a)" and finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Here, Defendant argues that she is eligible for a two point reduction in offense level based

---

[1] The Court initially referred this matter to the Office of the Federal Defender ("FDO").  (*See* ECF No. 70.)  However, the FDO filed notice on November 5, 2024, that it would not assume representation of Defendant on this motion.  (ECF No. 71.)  Pursuant to the Court's prior Order, the Government thus filed their Opposition to Defendant's Motion on December 4, 2024.  (*See* ECF No. 72.)

on the zero-point offender provision of Amendment 821 to the Sentencing Guidelines.  However, section 3582(c)(2) is not applicable in this case as the zero-point offender provision included in Amendment 821 was had been incorporated into the Sentencing Guidelines and was in effect at the time of Defendant's sentence.  Defendant was simply did not meet the criteria for a reduction in offense level under that provision.

Amendment 821 took effect with the issuance of the 2023 Federal Sentencing Guidelines on November 1, 2023.  *See United States v. Hoffman*, No. 2:08-cr-00027-GMN-GWF-1, 2024 WL 870335, at *2 (D. Nev. Feb. 28, 2024).  The zero-point offender provision was incorporated into the 2023 Sentencing Guidelines as Section 4C1.1.  *See* U.S. Sent'g Comm'n Guidelines Manual §4C1.1 (Nov. 2023) ("Guidelines Manual").  Defendant was sentenced on January 18, 2024.  (*See* ECF No. 67.)  These changes were already incorporated into the Sentencing Guidelines at that time.  Thus, no retroactive application is necessary; Defendant was sentenced under Sentencing Guidelines that had already incorporated this provision.

Under the zero-point offender provision of §4C1.1, Defendant was not and is not entitled to the two point reduction in offense level that this provision provides.  To receive to the two point offense level reduction under this provision, a defendant must meet the criteria outlined in §4C1.1(a).[2]  The first criterion of this section requires that "the defendant did not receive any criminal history points from Chapter Four, Part A[.]" Guidelines Manual §4C1.1(a)(1) (.  Defendant received 5 criminal history points under Chapter Four, Part A.  (*See* PSR ¶¶ 39–44.)  As such, Defendant did not meet the

---

[2] The 2023 version of the Sentencing Guidelines under which Defendant was sentenced only listed 10 criteria while the 2024 version lists 11 criteria.  This is because the 2023 version combined two criteria – "the defendant did not receive an adjustment under §3B1.1" and the defendant "was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848" – into a single tenth criterion, while the 2024 edition of the Sentencing Guidelines separated these into two separate criteria.  The content of the criteria remained the same between the 2023 and 2024 versions.  Thus, the change in the 2024 Sentencing Guidelines has no effect on this order.

criteria under section 4C1.1(a) and Defendant was thus not eligible for the two point reduction in offense level provided by the zero-point offender provision.

      Defendant also appears to argue that under the changes made via Amendment 821, she was entitled to a reduction in "status points" as a result of changes to section 4A1.1(e). (Mot. at 2.) These "status points" are criminal history points imposed when the instant offense was committed while a defendant was "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* Guidelines Manual §4A1.1(e) (. Amendment 821 changed the status point provision such that they were not imposed if a defendant had not already accrued at least 7 criminal history points in subsections (a)–(d) of section 4A1.1. Again, this change was already in effect and incorporated into the Sentencing Guidelines at the time of Defendant's sentencing. Guidelines Manual §A1.1(e). Moreover, Defendant did not receive any status points. (*See* PSR ¶¶ 39–44.) As such, Defendant is not entitled to relief under section 3582(c)(2) as this change to the Sentencing Guidelines was both in effect at the time of Defendant's sentencing and had no effect on the sentence the Court imposed on Defendant.

      Defendant also includes a section entitled "Additional Post-Conviction Factors for Consideration" in which Defendant references the First Step Act, cites her conduct while incarcerated, identifies "health concerns" Defendant has faced since her incarceration, and mentions family challenges faced by Defendant during her incarceration including the death of her son's father in January 2024 and her son's commitment at a mental hospital with schizophrenia. (Mot. at 3.) Defendant states that "[m]y request for this sentence reduction is also for asking for [sic] reconsideration for my sentence to be completed in sober living home in Modesto, CA to be close to my son and take adequate care of my health." (*Id.*) Defendant's Motion is styled as a Motion to Modify Sentence under section 3582(c)(2) (Mot. at 1) and the relief sought is a two-level reduction in offense level under the zero-point offender provision (*id.* at 4). As such, the Court does not construe the present motion as such a Motion for

Compassionate release under section 3582(c)(1)(A).  To the extent Defendant wishes to file such a motion, she may do so.  However, Defendant is cautioned that in filing such a motion, Defendant must comply with each of the requirements of that section including fully exhausting administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).

### III.   Conclusion

In accordance with the above, IT IS HEREBY ORDERED that Defendant Patricia Ekizian's Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

5